IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RUFUS DEON WILSON,

    Petitioner

v.

RONNIE HOLT, ET AL.,

    Respondents

CIVIL NO. 3:CV-12-221

(Judge Conaboy)

FILED SCRANTON

MAR 0 1 2012

PER ____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Rufus Deon Wilson, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). The required filing fee has been paid.

Named as Respondents are the United States of America; Judge Marianne O'Battani[1] of the United States District Court for the Eastern District of Michigan; and USP-Allenwood Warden Ronnie Holt.[1]

Petitioner asserts that he was convicted of being a felon

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Since Warden Holt is Petitioner's custodial official for purposes of § 2242, he will be deemed the sole Respondent.

1

in possession of a firearm in the United States District Court for the Eastern District of Michigan. See Doc. 1, p. 6. On April 30, 2009, Wilson was sentenced to a forty-eight (48) month term of incarceration along with a three (3) year term of supervised release by Judge Battani of the Eastern District of Michigan.

Wilson's pending action generally asserts that he is challenging the legality of the sentence imposed by the Eastern District of Michigan. Specifically, his Petition asserts that his term of supervised released "must be subtracted off the top of his sentence." Id. at p. 2, n. 2. Petitioner explains that it is his contention that a term of supervised release "can not be a separate or second sentence in a judgment." Id. at p. 4.

There is no indication in the Petition that Wilson filed a direct appeal or previously sought collateral relief via a motion pursuant to 28 U.S.C. § 2255.

### Discussion

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable

to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

3

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent

4

gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his sentence which was imposed by the Eastern District of Michigan. Thus, he must do so by following the requirements of § 2255. With respect to his sole claim that the term of supervised release imposed in his case must be subtracted from the term of incarceration he is serving, there is no indication by Petitioner that he raised said argument in an unsuccessful § 2255 motion. Assuming arguendo that Wilson did raise his pending argument in a prior § 2255 action, he would need to obtain certification from the appropriate Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he may be unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise, the fact that the Eastern District of Michigan may have previously denied his present argument does not make his claim cognizable in a § 2241 action.

Furthermore, Petitioner's pending claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Wilson has also not shown that he was unable

5

to present his claims in a § 2255 proceeding or that it is based upon any newly discovered evidence.

As recognized by the Hon. Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his claim of improper sentencing on direct appeal or in a § 2255 proceeding. As a result, Wilson's claim does not fall within the <u>Dorsainvil</u> exception. See <u>Levan v. Sneizek</u>, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); <u>Smith v. Snyder</u>, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking relief under § 2255 or from requesting authorization from the appropriate Circuit Court of Appeals to file a second or successive § 2255 petition.

6

In light of the Court's determination herein, Petitioner's request that service be issued (Doc. 4) and his offer to contract under the statutory scheme (Doc. 5) will be dismissed without prejudice. An appropriate Order will enter.

                                                             /s/ Richard P. Conaboy
                                                             RICHARD P. CONABOY
                                                             United States District Judge

DATED: MARCH 1st, 2012